ORIGINAL

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re:

AKASHIC MEMORIES
CORPORATION,
          Debtor.
_____/

Case No. 98-58278
Chapter 11

## MOTION FOR RELEASE OF UNCLAIMED FUNDS TO DEBTOR

COMES NOW, Akashic Memories Corporation and Tazz A. Pettebone, President and Chief Executive Officer of Akashic Memories Corporation (the 'Debtor"), by and through its Attorney-in-Fact, Brian Baum, 1795 North Fry Rd., Suite 214, Katy, TX 77449-3347; Tel: (713) 443-6156; Fax: (281) 392-9183, and files this its Motion for Release of Unclaimed Funds to Debtor requesting entry of an order for the release of funds remaining unclaimed and on deposit in the Court registry now belonging to the Debtor pursuant to 11 U.S.C. Sections 347(b) and 1143 of the United States Bankruptcy Code, and in support thereof would show the Court as follows:

1.     This case was a voluntary proceedings filed by the Debtor under Chapter 11 of the United States Bankruptcy Code on October 11, 1998.

2.     The Debtor's Second Amended Joint Chapter 11 Plan of Reorganization was confirmed by the Court on February 16, 2000.

3.     The Final Decree closing the chapter 11 estate of the Debtor was entered on March 17, 2004 after the estate had been fully administered, but with the registry account still open with dividends checks totaling approximately $77,827.21 that were as "unclaimed" by

1

creditors of the Debtor, and deposited into the registry of the Court under 28 U.S.C., Section 2042 (Doc. #106).

4. Beginning in August of 2005 (Doc. #107) up until November of 2006 (Doc. #118), the majority of these unclaimed dividends were recovered from the Court by or on behalf of creditors. It appears that unclaimed dividends in the amount of $12,162.11 continue to remain unclaimed and held on deposit in the registry of the Court.

5. On January 28, 2009, Tazz A. Pettebone, President and Chief Executive Officer of the Debtor appointed Brian Baum, its Attorney-in-Fact, to request the Court release the remainder of unclaimed funds payable to the credit of Debtor. Limited Power of Attorney executed by Tazz A. Pettebone, and copy of Akashic Memories Corporation Business Card of Tazz A. Pettebone are attached hereto for identification purposes as **Exhibit A**.

6. 11 U.S.C. Section 347(b) provides:

> Any security, money or other property remaining unclaimed at the expiration of the time allowed in a case under Chapter 9, 11, or 12 of this title for the presentation of a security or the performance of any other act as a condition to participation in the distribution under any plan confirmed under Section 943(b), 1129, 1173, or 1225 of this title, as the case may be, becomes the property of the debtor or of the entity acquiring the assets of the debtor under the plan, as the case may be.

7. 11 U.S.C. Section 1143 provides:

> If a plan requires presentment or surrender of a security or the performance of any other act as a condition to participation in distribution under the plan, such action shall be taken not later than five years after the date of the entry of the order of confirmation. Any entity that has not within such time presented or surrendered such entity's security or taken any such other action that the plan requires may not participate in distribution under the plan.

2

8. More than five-years have passed since entry of the order confirming the Debtor's Second Amended Joint Chapter 11 Plan of Reorganization in this case. The funds remaining unclaimed in the amount of $12,161.11 have therefore become the property of the Debtor in accordance with 11 U.S.C. Sections 347(b) and 1143 of the Bankruptcy Code. "Together, these provisions denote an unmistakable point at which unclaimed funds automatically become the property of the debtor." *See* 3 Collier, *supra*, P. 347.03, at 347-6; *See also*, <u>In re Goldblatt Bros, Inc.</u>, 132 B.R. 736, 738 (Bankr. N.D. Ill. 1991) ("the statute provides a clear bright-line rule that unclaimed funds are automatically to be returned to the debtor"). "To the extent they require creditors to act upon their rights or risk losing their claims, Section 347 and 1143 function akin to statutes of limitations designed to provide repose after passage of a reasonable time for action.") *See* 3 Collier, *supra*, P. 347.01; 3 Collier, *supra*, P. 347.03[2]; 8 Collier, *supra*, P. 1143.01: *See also*, <u>In re: George Rodman, Inc.</u> 50 B.R. 313, 314 (Bankr. W.D. Okla. 1985) (holding that Sections 347(b) and 1143 "set in place a means for dealing with unclaimed property which does not allow for any alternate scheme."); <u>In re Georgian Villa, Inc.</u>, 55 F.3d 1561 (11th Cir. 1995); <u>In re: TLI, Inc.</u>, 213 B.R. 946 (N.D. Tex. 1997), *aff'd* 159 F.3d 1355 (5th Cir.1998).

9. The funds in the amount of $12,162.11 remaining unclaimed and undistributed for nearly nine-years after confirmation of the Debtor's Plan (entered on February 16, 2000) have become the property of the Debtor, and should be released and paid to the credit of the Debtor for purposes of achieving the finality and judicial economy in a closed chapter 11 case as intended by Congress with the enactment of Sections 347(b) and 1143 of the Bankruptcy Code.

WHEREFORE, the Debtor, Akashic Memories Corporation and its President and Chief Executive Officer, Tazz A. Pettebone, respectfully request that the Court enter an order:

A. Directing the Clerk of Court to pay the Debtor, Akashic Memories Corporation, unclaimed funds remaining on deposit in the Court's registry in the amount of $12,162.11; and

B. Order such further relief as the case may require in promoting finality and judicial economy as intended by Sections 347(b) and 1143 of United States Bankruptcy Code.

Dated: 4. February 2009.

Respectfully submitted,

By: _____
Brian Baum
1795 North Fry Rd., Suite 214
Katy, Texas 77449-3347
Tel: (713) 443-6156
Fax: (281) 392-9183

Attorney-in-Fact for Debtor,
Akashic Memories Corporation.